**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| ANISA MOHAMED and SAHRA MOHAMED, on behalf of themselves and all other similarly situated individuals,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

In accordance with 28 U.S.C. §§ 1441 and 1446, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") removes this action from the Superior Court of Washington for the County of King to the United States District Court for the Western District of Washington because this Court has jurisdiction over this case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a)-(b), and 1453. In support of removal, State Farm states as follows:

**BACKGROUND**

1. On June 21, 2022, Plaintiffs Anisa Mohamed and Sahra Mohamed ("Plaintiffs") filed a Complaint for Breach of Contract, Violation of Washington Consumer Protection Act, Bad

NOTICE OF REMOVAL – 1

WAKEFIELD & KIRKPATRICK, PLLC
ATTORNEYS AT LAW
17544 MIDVALE AVENUE NORTH, SUITE 307
SHORELINE, WA 98133
(206) 629-2120  FAX (206) 629-2120

Faith, Declaratory Judgment, and Injunctive Relief ("Complaint"), on behalf of themselves and all others similarly situated, in the Superior Court of Washington for the County of King ("State Court Action"). The Civil Cover Sheet required by Local Civil Rule 101(b)(4) is attached as **Exhibit A**.

2. Plaintiffs served State Farm with the Summons and Complaint on June 27, 2022. The Summons is attached as **Exhibit B**. The Complaint is attached as **Exhibit C**.

3. Plaintiffs claim, individually and on behalf of the putative class, that State Farm breached policies of insurance and state law by undervaluing vehicles deemed a total loss.

4. Plaintiffs' Complaint sets forth five claims for relief: (i) breach of contract; (ii) common law bad faith; (iv) breach of the implied covenant of good faith and fair dealing; (v) violation of the Washington Consumer Protection Act; and (vi) declaratory and injunctive relief. (**Ex. C**, Compl. ¶¶ 6.1–6.26.)

5. Plaintiffs seek class certification and appointment of Plaintiffs as class representatives and their attorneys as class counsel. (*Id.* ¶¶ 4.1–4.8.)

6. Plaintiffs also seek an award of damages, interest, costs, exemplary damages, attorney fees, and declaratory relief. (*Id.* ¶¶ 8.2–8.10.) Plaintiffs' Complaint does not quantify the damages sought.

7. State Farm denies all liability and damages, and it denies that Plaintiffs may obtain certification of a class under Rule 23 of the Federal Rules of Civil Procedure.

## GROUNDS FOR REMOVAL

**I.    REMOVAL IS TIMELY.**

8. This Notice of Removal is filed within 30 days after State Farm was served with the Summons and Complaint on June 27, 2022. (*See* **Ex. C**; *see also supra* ¶ 2.) Removal of this action is therefore timely under 28 U.S.C. § 1446(b).

NOTICE OF REMOVAL – 2

WAKEFIELD & KIRKPATRICK, PLLC
ATTORNEYS AT LAW
17544 MIDVALE AVENUE NORTH, SUITE 307
SHORELINE, WA 98133
(206) 629-2120  FAX (206) 629-2120

## II.  THE COURT HAS JURISDICTION UNDER CAFA.

9. CAFA reflects Congress's intent to have federal courts adjudicate substantial class actions. *See* S. Rep. 109-14, at 43 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 41; H. Rep. 108-144, at 36-37 (2005). To effectuate this purpose, CAFA provides that putative class actions filed in state court are removable to federal court, and it expands federal jurisdiction over such cases by amending 28 U.S.C. § 1332 to grant original jurisdiction where, as here, the putative class contains at least 100 class members, there is minimal diversity, and the amount in controversy exceeds $5,000,000 in the aggregate for the proposed class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

10. By design, CAFA "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Thus, "by borrowing the familiar 'short and plain statement' standard from Rule 8(a)," Congress "intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* at 87 (quoting H.R. Rep. No. 100-889, at 71 (1988)). Accordingly, when a defendant seeks removal under CAFA, its notice need only "contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

11. This putative class action satisfies all the jurisdictional requirements under CAFA. Specifically, based on the allegations in the Complaint, State Farm's investigation and good faith belief, and the attached declaration, (1) the parties are minimally diverse; (2) the proposed class consists of 100 or more members; (2) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (4) the primary defendants are not States, State officials, or other governmental entities; and (5) no CAFA exception applies here. *See* 28 U.S.C. § 1332(d).

NOTICE OF REMOVAL – 3

WAKEFIELD & KIRKPATRICK, PLLC
ATTORNEYS AT LAW
17544 MIDVALE AVENUE NORTH, SUITE 307
SHORELINE, WA 98133
(206) 629-2120  FAX (206) 629-2120

### A. The Parties are Minimally Diverse.

12. The first CAFA requirement—that the parties be minimally diverse—is satisfied because a least one putative class member is a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2).

13. Here, Plaintiff Anisa Mohamed alleges that she is a resident and citizen of Auburn, King County, Washington. (**Ex. C**, Compl. ¶ 2.1.) Plaintiff Sahra Mohamed alleges that she is a resident and citizen of Seattle, King County, Washington. (**Ex. C**, Compl. ¶ 2.3.) Plaintiffs further allege that the putative classes consists of "[a]ll persons and entities within the State of Washington that have made first-party property damage claims under contracts of automobile insurance with State Farm." (*Id.* ¶ 4.2.)

14. State Farm is an insurance company organized under the laws of the State of Illinois with its principal place of business in Illinois. (*See id.* at ¶ 2.5; Decl. of Maureen Hasselmann ("Hasselmann Decl.") ¶ 3, attached as **Exhibit D**.) State Farm is thus a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated.").

15. Accordingly, because there is at least minimal diversity between the parties, the first CAFA requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2).

### B. The Putative Class Size Exceeds 100 Members.

16. The second CAFA requirement—that the putative class consist of at least 100 members—is also met here.

17. Plaintiffs seek certification of the following putative class:

> All persons and entities within the State of Washington that have made first-party property damage claims under contracts of automobile insurance with State Farm that provided for payment of the actual cash value of the policyholder's vehicle (less any applicable deductible) in the event of total loss, and (1) where policyholders experienced a total loss of their insured vehicle covered under such

NOTICE OF REMOVAL – 4

WAKEFIELD & KIRKPATRICK, PLLC
ATTORNEYS AT LAW
17544 MIDVALE AVENUE NORTH, SUITE 307
SHORELINE, WA 98133
(206) 629-2120  FAX (206) 629-2120

policy, (2) where such claims for total loss were evaluated by State Farm using the Autosource valuation system which took deductions for the condition of the loss vehicle, and (3) where such claims were paid by State Farm to the policyholder or a lienholder without the parties agreeing to use, and using, an alternative appraisal process described in the policyholder's policy.

(**Ex. C**, Compl. ¶ 4.2.)

18. Plaintiffs further allege that the putative class is "so numerous that individual joinder of all members is impracticable," and that the "putative Class is estimated to comprise many thousands of people." (*Id.* ¶ 4.3.)

19. To estimate the number of insureds within or otherwise implicated by the defined putative class,[1] State Farm asked Audatex, the third-party that generates the Autosource valuation reports that Plaintiffs allege State Farm uses to "consistently underestimate[] and underpay[] the 'actual cash value' of covered vehicles," (*see* **Ex. C**, Compl. ¶ 1.8), to conduct a preliminary search of claims data to identify State Farm valuations in the State of Washington that "took deductions for the condition of the loss vehicle," (*see id.* ¶ 4.2). (**Ex. D**, Hasselmann Decl. ¶ 6.) Although Plaintiffs allege no time limitation in the Complaint, no claims data from Audatex is available from before 2018 due to an anonymization protocol, so the data are likely under-inclusive. (**Ex. D**, Hasselmann Decl. ¶ 6; *see also supra* ¶ 19 n.1.) However, the Audatex data also include valuations for all State Farm entities, not just State Farm Mutual Automobile Insurance Company, so the data also are likely over-inclusive. (**Ex. D**, Hasselmann Decl. ¶ 6.) State Farm has identified 18,908 claims from the Audatex data, most of which likely fall within Plaintiffs' putative class definition. (**Ex. D**, Hasselmann Decl. ¶ 7.) That figure is well over the 100 putative class member threshold.

---

[1] Plaintiffs allege no time limitation in the Complaint, but the statute of limitations for a breach of contract claim under Washington law is six years. Wash. Rev. Code § 4.16.040(1).

NOTICE OF REMOVAL – 5

20. Accordingly, because Plaintiffs' putative class definition includes more than 100 putative class members, the requisite putative class size is established. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.     The Minimum Amount in Controversy Is Satisfied.**

21. The third CAFA requirement—the minimum amount in controversy—is also met. The amount in controversy must exceed the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of individuals comprising a putative class are aggregated. *Id.* § 1332(d)(6).

22. A notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89. Similarly, Local Civil Rule 101(a) provides: "The notice of removal shall … set forth the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount." The Court may consider affidavits and declarations relevant to the amount in controversy at the time of removal. *Thomas v. Allstate Indem. Co.*, No. CV-10-137-EFS, 2010 WL 2342544, at *1 (E.D. Wash. June 7, 2010).

23. "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, … then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

24. And when determining the amount in controversy, courts consider actual damages, treble damages, and statutory attorney fees. *Trepanier v. Progressive Direct Ins. Co.*, No. C12-0987-JCC, 2012 WL 12882865, at *2 (W.D. Wash. Sept. 19, 2012); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that mandatory or discretionary attorney fees may be included in the amount in controversy); *Chabner v. United of Omaha Life*

NOTICE OF REMOVAL – 6

WAKEFIELD & KIRKPATRICK, PLLC
ATTORNEYS AT LAW
17544 MIDVALE AVENUE NORTH, SUITE 307
SHORELINE, WA 98133
(206) 629-2120  FAX (206) 629-2120

*Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that authorized treble damages could be taken into account when determining the amount in controversy).

25. Here, Plaintiffs allege that State Farm "has used and continues to use Autosource to systematically undervalue and underpay first party claims of 'total loss' to insured vehicles" by taking "an unverifiable deduction for the alleged atypical 'condition' of the policyholder's vehicle." (**Ex. C**, Compl. ¶¶ 1.6–1.7.) As damages, Plaintiffs seek—on behalf of themselves and members of the putative class—"the difference between payments made by State Farm for actual cash value in the event of total loss, and the [actual cash value] that State Farm would have determined without breaching its contractual obligations," (*id.* ¶ 6.10), as well as attorney fees and exemplary damages, (*id.* ¶¶ 6.14, 6.17, 6.22).

26. State Farm denies that it undervalued the actual cash value of total loss claims in Washington.

27. However, based on State Farm's investigation as described above and in the Hasselmann Declaration, State Farm has identified 18,908 claims from the Audatex claims data, most of which are likely to fall within Plaintiffs' putative class definition. (**Ex. D**, Hasselmann Decl. ¶ 6–7.) That Audatex claims data also show that the total amount of condition deductions applied to those 18,908 claims is $9,098,279. (**Ex. D**, Hasselmann Decl. ¶ 7.) That figure is well over the $5,000,000 amount-in-controversy threshold. In addition, this calculation does not take into account statutory attorney fees and exemplary damages.

28. Accordingly, CAFA's $5,000,000 amount-in-controversy requirement is satisfied.

**D.   The Primary Defendant Is Not a State, State Official, or Government Entity.**

29. CAFA also requires that the primary defendant not be a state, state official, or other governmental entity against whom the district court may be foreclosed from ordering relief. 28 U.S.C. § 1332(d)(5)(A). The sole defendant named in the Complaint is State Farm, which satisfies this requirement. (**Ex. C**, Compl. ¶ 2.5.)

NOTICE OF REMOVAL – 7

WAKEFIELD & KIRKPATRICK, PLLC
ATTORNEYS AT LAW
17544 MIDVALE AVENUE NORTH, SUITE 307
SHORELINE, WA 98133
(206) 629-2120  FAX (206) 629-2120

### E. The Exceptions to CAFA Do Not Apply.

30. Plaintiffs bear the burden of establishing that an exception to CAFA applies. *Busker v. Wabtec Corp.*, 750 F. App'x 522, 523 (9th Cir. 2018); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

31. CAFA provides mandatory exceptions to the application of federal jurisdiction under 28 U.S.C. § 1332(d)(4)-(5), and one discretionary exception to federal jurisdiction under 28 U.S.C. § 1332(d)(5).

32. Plaintiffs' Complaint makes clear that none of these exceptions applies. Each of the CAFA exceptions requires, as a starting point, either an in-state defendant, *see* 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant or requiring the "primary defendant" to be an in-state defendant), or requiring that all claims relate solely to securities or the internal governance of a business entity, *id.* § 1332(d)(9). Here, the only defendant is State Farm, which is a foreign corporation, and none of the claims relates to securities or internal governance. Therefore, no CAFA exception applies.

### VENUE

33. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) and 1441(a).

### PROCESS, PLEADINGS, AND ORDERS SERVED

34. In accordance with Local Civil Rule 101(b), a copy of the Civil Cover Sheet is attached as **Exhibit A**, a copy of the Summons is attached as **Exhibit B**, and a copy of the Complaint is attached as **Exhibit C**. A copy of the Hasselmann Declaration is attached as **Exhibit D**. In addition, and in accordance with Local Civil Rule 101(b), a copy of a "certificate of service which lists all counsel and pro se parties who have appeared in the action" is attached as **Exhibit E**. Plaintiffs did not file a separate jury demand in state court. Their jury demand is located in Paragraph 7.1 of the Complaint. However, in accordance with Local Civil Rule 101(b), State Farm

NOTICE OF REMOVAL – 8

WAKEFIELD & KIRKPATRICK, PLLC
ATTORNEYS AT LAW
17544 MIDVALE AVENUE NORTH, SUITE 307
SHORELINE, WA 98133
(206) 629-2120  FAX (206) 629-2120

is filing a copy of that Jury Demand as **Exhibit F**. And, in accordance with 28 U.S.C. § 1446(a), copies of the pleadings, court orders, and the docket in the State Court Action are attached as **Exhibit G**. State Farm will file any additional records and proceedings from the State Court Action within 14 days. *See* Local Civil Rule 101(c).

## NOTICE OF REMOVAL

35. In accordance with 28 U.S.C. § 1446(a), the filing of a copy of this notice of removal with the clerk of the state court effects the removal of the State Court Action. A copy of the notice of filing of notice of removal filed contemporaneously in the State Court Action is attached as **Exhibit H**.

## NO WAIVER

36. No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this notice of removal, and all defenses, affirmative defenses, and rights are reserved.

## CONCLUSION

For the reasons set forth above, State Farm removes this action to the United States District Court for the Western District of Washington.

NOTICE OF REMOVAL – 9

WAKEFIELD & KIRKPATRICK, PLLC
ATTORNEYS AT LAW
17544 MIDVALE AVENUE NORTH, SUITE 307
SHORELINE, WA 98133
(206) 629-2120  FAX (206) 629-2120

| | |
|---|---|
| Dated: July 26, 2022 | WAKEFIELD & KIRKPATRICK, PLLC |
| | By  *s/ Scott C. Wakefield* |
| | By  *s/ Dan Kirkpatrick* |
| | Scott C. Wakefield, WSBA #11222<br>Dan Kirkpatrick, WSBA #38674<br>Wakefield & Kirkpatrick, PLLC<br>17544 Midvale Ave. N., Suite 307<br>Shoreline, WA 98133<br>Phone:   (206) 629-5489<br>Fax:       (206) 629-2120<br>E-mail:  swakefield@wakefieldkirkpatrick.com<br>E-mail:  dkirkpatrick@wakefieldkirkpatrick.com |

NOTICE OF REMOVAL – 10

WAKEFIELD & KIRKPATRICK, PLLC
A T T O R N E Y S  A T  L A W
17544 MIDVALE AVENUE NORTH, SUITE 307
SHORELINE, WA 98133
(206) 629-2120  FAX (206) 629-2120